IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TERESA WELLS and JOSEPH WELLS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. CIV-20-1301-R |
| | ) | |
| JOHNSON & JOHNSON, | ) | |
| a New Jersey corporation; and | ) | |
| ETHICON, INC., a New Jersey | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Defendants Johnson & Johnson and Ethicon, Inc.'s ("Defendants") Motion for Partial Dismissal, Doc. Nos. 37 & 38. Plaintiffs' Teresa Wells and Joseph Wells ("Plaintiffs") responded in opposition in Doc. No. 39. Defendants then filed a reply in support of their position. Doc. No. 42.

Gynecare Gynemesh PS ("Gynemesh") is a pelvic mesh implant "design[ed], develop[ed], promot[ed], [etc.]" to Plaintiffs by Defendants. Doc. No. 36 ¶ 8. According to the First Amended Complaint, Gynemesh contains surgical mesh that is "intended to treat [ ] pelvic organ prolapse…". *Id.* ¶ 9. Gynemesh contains polypropylene mesh, which Plaintiffs state "is biologically incompatible with human tissue and […] can contribute to the formation of severe adverse reactions." *Id.* ¶ 14. Defendants allegedly marketed Gynemesh "as a safe, effective, reliable medical device; implanted by safe and effective, minimally invasive surgical techniques for the treatment of medical conditions, including vaginal prolapse[.]" *Id.* ¶ 15.

Teresa Wells received the Gynemesh implant on June 4, 2007 "to treat her pelvic organ prolapse." *Id.* ¶ 9. Wells subsequently developed complications from Gynemesh, including

> mesh implant complications necessitating removal due to mesh erosion, mesh degradation, mesh contracture/shrinkage[…,] worsening mixed incontinence, pelvic and abdominal pain, dyspareunia, voiding dysfunction and urinary retention, dysuria, frequency, nocturia, urinary tract infections, urgency, urinary hesitancy, vaginal scarring and fibrosis, and stress and anxiety.

*Id.* ¶ 10. On May 15, 2017, Wells "underwent an excision procedure to treat Gynemesh [ ] that was eroding into her rectum and not alleviating her [prolapse]." *Id.* ¶ 11. Plaintiffs allege that Gynemesh's defective propensities caused the mesh erosion. *Id.* ¶¶ 10–14.

Seeking to recover for Wells's "severe and debilitating complications caused by Defendants' Gynemesh[,]" Doc. No. 39, p. 1, Plaintiffs filed the following causes of actions against Defendants: (i) Negligence, (ii) Design Defect, (iii) Manufacturing Defect, (iv) Failure to Warn, (v) Fraud, (vi) Breach of Express Warranty, (vii) Breach of Implied Warranty, (viii) Constructive Fraud, (ix) Negligent Misrepresentation, (xi) Unjust Enrichment, (xii) Loss of Consortium, and (xiii) Punitive Damages. *See generally* Doc. No. 36. Defendants then moved to dismiss the Manufacturing Defect (iii); Breach of Express and Implied Warranty (vi and vii); Fraud (v), Constructive Fraud (viii) and Negligent Misrepresentation (ix); Unjust Enrichment (xi); and Punitive Damages (xiii) claims. *See generally* Doc. No. 38.

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must determine whether a plaintiff has stated a claim upon which relief may be granted. The motion is

properly granted when the Complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action*.*" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint must contain enough "facts to state a claim to relief that is plausible on its face," *id.* at 570, and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555 (citations omitted). The Court must accept all the well-pled allegations of the Complaint as true and must construe the allegations in the light most favorable to Plaintiff. *Id.*; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). But the Court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).

I.      **Manufacturing Defect (iii)**

Defendants argue that the Amended Complaint fails to state a manufacturing defect claim because it does not allege how the Gynemesh implanted in Wells deviated from the "other Gynemesh [ ] devices that were manufactured…". Doc. No. 38, p. 4. Plaintiffs argue that a manufacturing defect existed because the "process by which the Gynemesh [ ] was cut [ ] created unintended sharp edges" and did not contain a sheath. Doc. No. 39, pp. 3–4.

To state a manufacturing defect claim in Oklahoma, a plaintiff must allege that the defective *product* somehow deviated from its intended design. *See Wheeler v. HO Sports Inc.*, 232 F.3d 754, 756 (10th Cir. 2000) (emphasis added); *see also Kimbrell v. Zenith*

*Radio Corp.*, 555 P.2d 590, 593 (Okla. 1976) ("[W]e hold that it did not trace the defect to the defendant-manufacturer, and therefore did not present a prima facie case.").

Here, Plaintiffs' allegations are more akin to a design defect, and thus, fail to state a claim for a manufacturing defect. Plaintiffs argue that similar to the complaint in *Recker v. C.R. Bard, Inc.*, 491 F. Supp. 3d 1029, 1034 (W.D. Okla. 2020), the Amended Complaint adequately states a manufacturing defect claim. Doc. No. 39, pp. 3–4. However, in *Recker*, the complaint provided "that the PowerPort implanted in him differed from [the] Defendants' intended result and/or from other ostensibly identical unit[s] of the same product line, and varied from its intended specifications." 491 F. Supp. 3d at 1034 (internal citations omitted). Here, however, the Plaintiffs do not allege that the specific implant that Wells received suffered from a defect. Rather, the Plaintiffs allege a defect in Gynemesh's product specifications—i.e., that it did not contain a sheath and that cutting the products creates unintended sharp edges. Such allegations allege a defect in Gynemesh's *design*, not in the manufacturing of the specific Gynemesh causing Plaintiff's injury.

For this reason, Plaintiffs failed to state a claim upon which relief can be granted, and therefore, the manufacturing defect claim is hereby DISMISSED.

II.     **Breach of Express and Implied Warranty (vi and vii)**

The Amended Complaint alleges that the Defendants breached both an express and implied warranty. Doc. No. 36, pp. 22, 24. Defendants argue that the breach of warranty claims should be dismissed because they are time-barred and that even if they were timely, the Plaintiffs fail to identify express statements made by Defendants that Plaintiffs relied on. Doc. No. 38, pp. 5–8. In response, Plaintiffs argue that the doctrine of fraudulent

4

concealment permits equitable tolling of its claims and that the Amended Complaint states sufficient facts to underlie its breach of warranty claims. Doc. No. 39, pp. 4–5.

Fraudulent concealment may permit equitable tolling for breach of warranty claims. *See* Okla. Stat. tit. 12A § 2-725(4) ("This section does not alter the law on tolling of the statute of limitations...."); *see also Kinzer v. Remington Arms Co., Inc.*, No. CIV-09-1242-R, 2010 WL 11451121 at *5 (W.D. Okla. Sept. 1, 2010); *AG Equip. Co. v. AIG Life Ins. Co.*, No 07–CV–0556–CVE–PJC, 2008 WL 4570319, at *3 (N.D. Okla. Oct. 10, 2008) ("[F]raudulent concealment is typically raised as a response to a statute of limitations defense […]"). When asserting fraudulent concealment, the defendant must "'not only show that he did not know the facts constituting a cause of action, but that he exercised reasonable diligence to ascertain said facts.'" *Masquat v. DaimlerChrysler Corp.*, 195 P.3d 48, 55 (Okla. 2008) (quoting *Kansas City Life Ins. v. Nipper*, 51 P.2d 741, 742 (Okla. 1935)).

In the Amended Complaint, the Plaintiffs allege that Defendants "disguised Plaintiff's injuries" and that Defendants' "breaches were discovered […] when [Plaintiff] underwent an excision/revision procedure" on May 15, 2017. Doc. No. 36 ¶¶ 20, 99. Plaintiffs also allege that pursuant to a private agreement between the parties, "this case was deemed filed on February 23, 2017." *Id.* ¶ 99.

The Court cannot conclude, as a matter of law, that Plaintiffs' warranty claims are barred by the statute of limitations because Plaintiff may attempt to establish fraudulent concealment by Defendants. *See Mears v. Astora Women's Health, LLC*, No. CIV-18-1091-R, 2019 WL 1590592 at *3 (W.D. Okla. Apr. 12, 2019) (declining to dismiss breach

of warranty claims on timeliness grounds "[g]iven that [p]laintiffs raise[d] the issue of fraudulent concealment"); *Kinzer*, 2010 WL 11451121 at *5.

Next, Defendants allege that even assuming the Plaintiffs' breach of express and implied warranty claims are not time-barred, they are still subject to dismissal because the Amended Complaint fails to allege both "how or when [the] supposed warranties were communicated[ ]" and "facts detailing how Ms. Wells read or relied on [the] supposed warranties." Doc. No. 38, p. 7. In response, the Plaintiffs argue that its "warranty claims are properly pled, including specifying the warranties made to Plaintiff and her implanting physician." Doc. No. 39, p. 4.

In Oklahoma, express warranties include "(a) [a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain" and "(b) [a]ny description of the goods which is made part of the basis of the bargain." Okla. Stat. tit. 12A § 2-313(1)(a)-(b). Failing to identify a specific "express warranty" dooms a plaintiff's express warranty claim. *Miller v. C. R. Bard, Inc.*, No. CIV-19-1200-G, 2021 WL 1063800, at *6 (W.D. Okla. Mar. 19, 2021) (citing *Speed Fastners, Inc. v. Newsom*, 382 F.2d 395, 397 (10th Cir. 1967)); *see also Bustamante v. Atrium Med. Corp.*, No. 1:18-CV-08395 (ALC), 2020 WL 583745, at *9 (S.D.N.Y. Feb. 6, 2020) (failing to identify a specific warranty). *Compare Viania v. Zimmer, Inc.*, No. 2:17-cv-164 (ADS/AVS), 2017 WL 5714725, at *5 (E.D.N.Y. Nov. 27, 2017)) (Plaintiff's characterization of Defendant's marketing material as *generally implying* that the hernia mesh product was "safe and effective" did not identify any specific actionable conduct or statement on behalf of the defendant.) (emphasis added) *with Hix v. Bos. Sci. Corp.*, No.

6

CV-19-00422-PHX-DJH, 2019 WL 6003456, at *6 (D. Ariz. Nov. 14, 2019) (plaintiff's allegations that the surgical mesh was "safe, and/or safer than other alternative procedures" adequately *stated* a breach of express warranty claim) (emphasis added).

Accepting the allegations in the Amended Complaint as true, Plaintiff has adequately stated a breach of express warranty claim. In the Amended Complaint, Plaintiffs state that Defendants warranted that "(1) Gynemesh [ ] is safe and effective; (2) Gynemesh [ ] does not contract or shrink or otherwise deform; and (3) [Gynemesh is] safer and more effective tha[n] other alternative procedures…". Doc. No. 36 ¶ 104. Further, Plaintiffs then "relied upon [d]efendants' express warranties and guarantees that Gynemesh [ ] was safe." *Id.* ¶ 105. Though "conclusory allegations" are insufficient to survive a motion to dismiss, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Amended Complaint alleges that the Defendants warranted that Gynemesh would not "contract or shrink or otherwise deform"—an affirmative description of Gynemesh that the Plaintiff and her implanting physician relied on when selecting it for the surgical mesh procedure. *See, e.g., Hix*, 2019 WL 6003456 at *6. For this reason, Defendants are not entitled to dismissal on Plaintiff's breach of express warranty claim.

As to Plaintiffs' breach of implied warranty claim, "the Oklahoma Supreme Court has noted [that] breach of implied warranty is no longer an appropriate remedy for recovery in products liability actions except as provided in the Uniform Commercial Code [(UCC)].'" *Mears*, 2019 WL 1590592 at *4 (quoting *Kirkland v. General Motors Corp.*, 521 P.2d 1353, 1365 (Okla. 1974)).

7

Under the UCC (Okla. Stat. tit. 12 § 2-314),

> [t]o recover for a breach of the implied warranty of merchantability a plaintiff must prove: (1) a sale of goods by a merchant, (2) the goods were not "merchantable" at the time of sale, (3) injury and damage to the plaintiff or his property proximately caused by the defective nature of the goods, and (4) appropriate notice of breach to the seller.

*Collins Radio Co. of Dallas, Tex. v. Bell*, 623 P.2d 1039, 1053 (Okla. Civ. App. 1980).

Plaintiffs' Amended Complaint alleges that Defendants—merchants of medical devices—sold Gynemesh, that Gynemesh was defective at the time of sale, that it was put to ordinary use, and that its defects caused Plaintiffs' injuries.[1] Doc. No. 36 ¶¶ 8, 10, 15, 116 & 121. Taking as true Plaintiffs' factual allegations, Plaintiffs sufficiently pled a breach of implied warranty claim. *Mears,* 2019 WL 1590592 at *4; *see also Farmers Ins. Co., v. Big Lots, Inc.*, No. 15–CV–97–GKF–PJC, 2015 WL 5943447 at *5 (N.D. Okla. Oct. 13, 2015) (declining to dismiss breach of implied warranty claim when the complaint alleged the defendant merchant sold the product and warranted its merchantability, and that the sale actually and proximately caused the plaintiff's injuries). For this reason, the Court declines to grant Defendants' motion to dismiss Plaintiffs' breach of implied warranty claim.

### III. Fraud (v), Constructive Fraud (viii) and Negligent Misrepresentation (ix)

Defendants also move to dismiss Plaintiffs' claims for fraud, constructive fraud, and negligent misrepresentation. Doc. No. 38, p. 8. Specifically, Defendants argue that the Amended Complaint fails to meet the "heightened standard of particularity required by

---

[1] The Amended Complaint also states that the Plaintiff "gave pre-suit notice of Defendant's breach of express warranty to Defendants by and through the private agreement the parties entered into in 2016." Doc. No. 36 ¶ 108.

Fed. R. Civ. P. 9(b)." *Id.* In response, the Plaintiffs argue that the Complaint alleges misrepresentations occurred " 'before and during the implantation consent process between Plaintiff and her implanting physician' and that these misrepresentations and/or omissions were made by" a sales representative. Doc. No. 39, p. 6 (quoting Doc. No. 36 ¶¶ 86–89, 127, 136–138, & 156).

Fed. R. Civ. P. 9(b) provides, in relevant part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The particularity requirement exists to provide a defendant with sufficient notice of the misrepresentations alleged so that he can answer and defend himself. *Gardner v. Inv'rs Diversified Capital, Inc.*, 805 F. Supp. 874, 876 (D. Colo. 1992). In *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000), the Tenth Circuit explained that under Rule 9(b), the pleading must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof[.]" (quotation marks and citation omitted). However, Fed. R. Civ. P. 9(b) does not require a plaintiff to specify the *exact* time and place that the alleged fraud occurred. *See, e.g.*, *State Farm Fire & Cas. Ins. Co. v. Jun Shao*, No. 19-CV-0496-CVE-FHM, 2020 WL 3429036 at *3 (N.D. Okla. June 23, 2020) (alleging that fraud "during the insurance application process" sufficiently notified the defendants of fraud claims against them). Further, "specific dates are not necessary to provide notice of the nature of the fraudulent scheme." *Jeter v. Wild West Gas, LLC*, No. 12-CV-411-TCK-PJC, 2015 WL 5970992, at *6 (N.D. Okla. Oct. 14, 2015). When a plaintiff alleges a failure to disclose while under the duty to disclose, the complaint should include "at the very least an identification of the

9

duty to disclose and the fact allegedly concealed." *Swan Glob. Invs., LLC v. Young*, No. 18-CV-03124-CMA-NRN, 2019 WL 5095729, at *12 (D. Colo. Aug. 20, 2019), *report and recommendation adopted*, 2020 WL 897654 (D. Colo. Feb. 25, 2020); *see also Pine Tel. Co., Inc. v. Alcatel-Lucent USA, Inc.*, 617 F. App'x 846, 860 (10th Cir. 2015).

Defendants rely on a district court opinion finding that the plaintiff's allegations did not meet the Rule 9(b) particularity requirement because the complaint failed to "specify the time, nature, and place of the alleged misrepresentations," as well as its fraudulent communication or source. Doc. No. 38, pp. 9–10 (quoting *Blair v. Johnson & Johnson*, 2020 WL 1172715 at *6 (W.D. Ky. Mar. 11, 2020)). In *Blair*, the court explained that "the complaint also [did] not include where or when the alleged statements were made….". 2020 WL 1172715 at *6. Defendants also cite *Bustamante v. Atrium Medical Corp.,* No. 1:18-cv-08395 (ALC), 2020 WL 583745 (S.D.N.Y. Feb. 6, 2020), for its position that the Amended Complaint fails. Doc. No. 38, p. 10. In *Bustamante*, the Southern District of New York dismissed the plaintiff's fraud-based claims because the complaint "fail[ed] to sufficiently allege the Defendants made false representations and fail[ed] to plausibly allege what misrepresentations [the plaintiff] or his physician relied on…".

The Amended Complaint does not suffer from the same pitfalls outlined in *Blair* and *Bustamante*. Here, Plaintiffs alleged that during the sale of Gynemesh to Plaintiffs and the implanting physician, the Defendants knowingly made false claims about the safety and quality of the Defendants' Gynemesh product. Doc. No. 36 ¶¶ 85–86. Plaintiffs alleged that the Defendants' sales representative (the who) made false claims "regarding the true defective nature of Gynemesh" (the what) "immediately before and during the implantation

10

consent process" (the when). Doc. No. 36 ¶¶ 87–88. *See Kunneman Properties, LLC v. Marathon Oil Co.*, No. 17-CV-00456-GKF-JFJ, 2019 WL 4658362, at *4 (N.D. Okla. Sept. 24, 2019) (finding that the plaintiff met the Rule 9(b) particularity requirement when they alleged the defendant misrepresented volume, price, and fee over a broad time frame); *see also First Mortgage Company, LLC v. Strategic Mortgage Finance Group, LLC et. al.*, No. CIV-21-0047-R, 2021 WL 3276605, at *5 (W.D. Okla. July 30, 2021) (alleging that a defendant brokerage firm materially misrepresented a purchasing company's related litigation met the Rule 9(b) particularity requirement). Further, the Amended Complaint alleges that Defendants' marketing material—given to Plaintiff during the implantation consent process—also misrepresented its "safety and quality[,]" and that Plaintiffs "justifiably relied" on those misrepresentations. *Id.* ¶¶ 88, 94.

Accordingly, the Court finds that the Plaintiffs put the Defendants on sufficient notice to answer and defend the asserted claims. Thus, Plaintiffs met the Rule 9(b) particularity requirement, and therefore, Plaintiffs' fraud, constructive fraud, and negligent misrepresentation claims are not subject to dismissal.[2]

### IV. Unjust Enrichment (xi)

Defendants also argue that Plaintiffs' unjust enrichment claim should be dismissed "because her claims lie in tort[ ]" and unjust enrichment requires a claim to lie "in contract or quasi-contract." Doc. No. 38, p. 10. In response, Plaintiffs explain that though some of their claims lie in tort, the unjust enrichment claim should still survive the motion to

---

[2] The Court need not address each element of fraud, constructive fraud, and negligent misrepresentation because the Defendants argue only that the claims should be dismissed based on the Amended Complaint's failure to meet Fed. R. Civ. P. 9(b).

dismiss because Defendants "received a benefit which it would be unconscionable [for Defendants] to retain." Doc. No. 39, p. 9 (citing *Reisenfeld & Co. v. Network Group, Inc.*, 277 F.3d 856, 860 (6th Cir. 2002) (internal citations omitted)).

"The elements of unjust enrichment claims differ markedly from state to state." *Harvell v. Goodyear Tire & Rubber Co.*, 164 P.3d 1028, 1036 (Okla. 2006) (internal citations omitted). The Supreme Court of Oklahoma has explained the elements of unjust enrichment as "(1) the unjust (2) retention of (3) a benefit received (4) at the expense of another." *Dep't of Sec ex rel. Faught v. Blair*, 231 P.3d 645, 658 (Okla. 2010). To plead an unjust enrichment claim, "a party ... [must plead […]] ... 'enrichment to another, coupled with a resulting injustice.'" *Dinwiddie v. Suzuki Motor of Am., Inc.*, 111 F. Supp. 3d 1202, 1217 (W.D. Okla. 2015) (citing *City of Tulsa v. Bank of Oklahoma,* 280 P.3d 314, 319 (Okla. 2011) (quoting *Teel v. Public Service Co. of Oklahoma,* 767 P.2d 391, 398 (Okla. 1985) (superseded by statute on other grounds))). Further, "where the plaintiff has an adequate remedy at law, the [C]ourt will not ordinarily exercise its equitable jurisdiction to grant relief for unjust enrichment." *Robinson v. Southerland*, 123 P.3d 35, 45 (Okla. Civ. App. 2005) (internal citations omitted).

The Defendants argue that Plaintiffs may not "recover damages under a quasi-contract theory in a products liability case." Doc. No. 42, p. 6. Though an unjust enrichment claim is ordinarily unavailable when an adequate remedy at law exists, Plaintiffs may plead a claim for unjust enrichment in the alternative to a claim for damages at law. *See, e.g., Johnson v. Blendtec, Inc.*, 500 F. Supp. 3d 1271, 1293 (D. Utah 2020); *see also Hitch*

*Enterprises, Inc. v. Cimarex Energy Co.*, 859 F. Supp. 2d 1249, 1258 (W.D. Okla. 2012) (permitting plaintiffs to "plead alternative theories and demand relief in the alternative.").

Here, the Plaintiffs stated a prima facie case of unjust enrichment. In *Kuchenbecker v. Johnson & Johnson*, No. 19-61712-CIV-Moreno, 2019 WL 4416079 at *4 (S.D. Fla. Sept. 16, 2019), the district court explained that the

> [p]laintiffs allege that they paid for the Gynecare TVT Abbrevo System, that [d]efendants accepted payment by [plaintiffs] for the purchase of the [product], and that [p]laintiffs have not received the safe and effective medical devices for which they paid. While a product defect underlies the unjust enrichment claim (*i.e.* a benefit was not conferred because the device was defective), these allegations sound primarily in contract because they extend beyond just the alleged defect, and center on the [d]efendants retaining the [p]laintiffs' payment without the [d]efendants conferring a benefit.

(internal citations and quotation marks omitted). The court ultimately denied the defendants' motion to dismiss the plaintiffs' unjust enrichment claim, finding that the plaintiffs could plead an "unjust enrichment claim as an alternative to their legal claims." *Id.* Similarly, here, Plaintiffs' pled that "Defendants accepted payment from Plaintiff […] for the purchase of [ ] Gynemesh[,]" that the benefit was not conferred because Gynemesh's defects caused Plaintiff's injuries, and that Defendants continue to retain "the financial benefit [ ] conferred on them." Doc. No. 36 ¶¶ 158–166. The Court finds that Plaintiffs' allegations sufficiently state an unjust enrichment claim. Because the Plaintiffs—as the master of the Complaint—may plead alternative theories of recovery at this stage, Plaintiffs' unjust enrichment claim is not subject to dismissal. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987).

Case 5:20-cv-01301-R   Document 43   Filed 08/12/21   Page 14 of 14

## V.     Punitive Damages (xiii)

Because punitive damages are not an underlying cause of action, *see Gilbreath v. Phillips Petroleum Co.*, 526 F. Supp. 657, 659 (W.D. Okla. 1980), Plaintiffs' punitive damages claim is hereby DISMISSED.[3]

## VI.     Conclusion

In summary, the Court finds that Defendants' motion to dismiss Plaintiffs' Manufacturing Defect (iii) and Punitive Damages (xiii) claims is hereby GRANTED. However, Defendants' motion to dismiss Plaintiffs' Breach of Express Warranty (vi), Breach of Implied Warranty (vii), Fraud (v), Constructive Fraud (viii), Negligent Misrepresentation (ix) and Unjust Enrichment (xi) claims is hereby DENIED, as set forth herein.

**IT IS SO ORDERED** on this 12th day of August 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] This ruling does not preclude Plaintiffs from seeking punitive damages as an element of recovery. *See Yeager v. Tiger Commissary Servs., Inc.*, No. 20-CV-00191-GFK-JFJ, 2021 WL 796143 at *1 n. 1 (N.D. Okla. Mar. 2, 2021).